65 N.J. Super. 240 (1961)
167 A.2d 431
ROBERT J. CAMMARANO, RECEIVER IN AID OF EXECUTION OF HOWARD BUILDERS, INC., A NEW JERSEY CORPORATION, PLAINTIFF,
v.
BOROUGH OF ALLENDALE, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided January 31, 1961.
Mr. Colombo Cammarano for the plaintiff.
Mr. George Winne for the defendant.
GRIMSHAW, J.S.C.
On August 25, 1959, Glen Rock Lumber & Supply Co., Inc. recovered a judgment against Howard Builders, Inc. in the amount of $1,261.14. Execution was issued and a levy was made upon the sum of $2,000 *241 deposited by the judgment debtor with the Borough of Allendale. The borough resisted, claiming that the sum of $2,000 was not due to Howard Builders, Inc. Thereafter a receiver in execution was appointed and this action was commenced to compel the turnover of the deposit. The matter is before me on cross-motions for summary judgment. The facts are not in dispute.
It appears that Howard Builders, Inc., owned certain lands in the borough of Allendale which it desired to subdivide. Before receiving the application for subdivision, the borough required Howard Builders to deposit $2,000 as a guarantee that it would make all improvements required by the planning board of the borough. A hearing was had before the planning board and it was determined by that body that a subdivision would not be granted unless the applicant could procure adjoining lands to be used for drainage purposes. Howard Builders, Inc. was unable to obtain the adjoining land and the subdivision was not granted.
I am of the opinion that the plaintiff must succeed. The statutes permit a municipal body to demand a deposit or bond to guarantee improvements in connection with the granting of subdivisions, but they clearly contemplate that these improvements are conditions upon which an application is granted. Otherwise one who makes an application for a subdivision would do so at his peril by rendering himself liable for assessments even if he does not receive the relief sought. The failure of the borough or its planning board to grant the subdivision, in my opinion, clearly entitles the plaintiff to the return of the deposit.
Judgment accordingly.